In re TEMPLE.

No. 11871.

District Court, S. D. Ohio, E. D.

Oct. 9, 1936.

Henry A. Reinhard, of Columbus, Ohio, for bankrupt.

Dahlton R. Kincaid, of Columbus, Ohio, for trustee.

594

UNDERWOOD, District Judge.

Upon his voluntary petition, Oliver Perry Temple was adjudged a bankrupt in this court April 7, 1934. A Plymouth coupé automobile was listed with the personal property in his schedules and was claimed by him as an exemption under sections 11725, subd. 5, and 11738, Ohio General Code.

During the hearing before the referee, the claimed exemption of the automobile was contested by the trustee in bankruptcy, an opinion was rendered by the referee, holding that the property in question was not a necessary implement in carrying on the profession of optometry, and denying the bankrupt's request to have it set off under the exemption statute of Ohio. The bankrupt filed his petition for review of the referee's decision May 27, 1936. The cause is now pending here upon said petition for review, having been argued to this court June 12, 1936.

■ The Bankruptcy Act (11 U.S.C.A. § 1 et seq.) authorizes and directs bankruptcy courts to construe and give force and effect to the exemption statutes that are in force in each of the respective states. Since the decisions made by the federal courts are governed by laws of the various states, there is a wide variation in authority. Under the circumstances, it becomes incumbent upon this court to construe and give force and effect to sections 11738 and 11725, subd. 5, of the Ohio General Code, as applied to this case, and in so doing Ohio cases must be the principal guide.

■ The bankrupt contends that the automobile in question is exempt under section 11738, which provides in part as follows: "Husband and wife living together, * * * resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property otherwise by law exempted. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due him from any person, partnership or corporation, nor shall any passenger automobile be selected as exempt."

The terms of the statute are plain and unambiguous, and, while all automobiles are not excluded, all "passenger automobiles" are specifically excluded. Therefore, before any automobile can be exempted under the statute, it must be clearly shown that it is not a passenger automobile. Where, as in this case, the mechanical construction of the automobile is such that it is usually considered a passenger automobile, its character as such must have been destroyed by the use to which it has been put, before any exemption can be claimed under the statute. This holding is in accord with the case, In the Matter of Ralph A. Antle, Bankrupt, Eleven A.B.R. (N.S.), page 127, cited by the bankrupt, in which it was held: "Under the Ohio Statute (Gen.Code of Ohio § 11738), allowing an exemption of $500 in lieu of homestead, but providing that no 'passenger automobile' shall be selected as exempt, the term 'passenger automobile' does not refer to the physical attributes of the car, but to the uses and purposes to which it is principally devoted, and if the evidence is clear and convincing that the automobile is essential to the business of the bankrupt and is principally so used by him, he is entitled to claim it as exempt, provided that it is not appraised for more than $500; otherwise it must be sold and the claim transferred to the fund."

But in the Antle Case the bankrupt was a traveling salesman and the automobile in question was his means of contacting his customers and conducting his business. In other words, the use to which it had been put had destroyed its character as a "passenger automobile."

The bankrupt also relies upon Westfall v. Hoisington and Friedman v. Folk, in which the common pleas court of Franklin county, Ohio, held: "If the automobile in question is absolutely necessary for defendant to carry on his trade or business, following the rule of liberal construction it must be held exempt. The purpose of the statute is not to defeat the rights of creditors but to protect the family of the debtor who are dependent upon him. * * *" Before any application of the case cited can be made to the instant case, it must appear that "the automobile in question is absolutely necessary for defendant to carry on his trade or business."

■ It thus becomes important to consider the nature of the business of the bankrupt. He is an optometrist. The practice of optometry is essentially an office practice. In general, it is conducted in an office espe-

cially equipped for the work, under conditions and with equipment which renders it highly impractical to attempt to carry on the profession in the home of the patient or in any place outside the office. In the usual order of things, the patient goes to the optometrist; the optometrist does not go to the patient. It is impossible to consider that the automobile is used in soliciting patients; the ethics of the profession do not permit solicitation. Hence the use of the automobile in the business of the bankrupt must of necessity have been limited to delivering orders, which is doubtful; going to and from work; and in going for supplies. These uses would apply with equal force in the case of almost any ordinary man, and would result, if held sufficient, in exemption of an automobile in practically every instance, contrary to the intent of the legislature.

Coming now to the second contention of the bankrupt, that the car is exempt under section 11725, subd. 5, which reads in part as follows:

"Every person who is the chief support of a family * * * may hold property exempt from execution, attachment or sale, for debt, damage, fine or amercement, as follows: * * *

"5. The tools and implements of the debtor necessary for carrying on his or her profession, trade or business."

Several cases are cited by the bankrupt in support of his claim for exemption under this section. The principal case is Janasik v. Thomas et al., 28 Ohio N. P. (N. S.) 616, in which an automobile having a value of less than $200 and used daily and exclusively by a physician in his practice, was held to be an implement within the meaning of the statute and therefore exempt. But this case is clearly distinguished from the case now before this court; while an automobile might properly be considered an implement of the profession in the case of a physician who customarily called on his patients, it by no means follows that by the same reasoning an automobile is a necessary implement where the profession must by its very nature be confined to office practice.

Other cases cited by counsel for the bankrupt, decided by courts outside the state of Ohio, are less favorable to his contention and can have no direct bearing in the instant case.

The court therefore finds that the automobile in question is a passenger automobile specifically prohibited from exemption under Ohio General Code, § 11738; that it is not a tool or implement of the debtor necessary for carrying on his profession and is therefore not exempt under Ohio General Code, § 11725, subd. 5; that, for the reasons stated, the finding and order of the referee ought to be, and the same hereby is, sustained and confirmed.

The bankrupt's claim for exemption of the Plymouth coupé will be denied. Entry accordingly.